UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINYKA NETCHIOUNAS,

    Plaintiff,                                      CASE NO.

    v.

GLOBAL CREDIT & COLLECTION
CORPORATION,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DOMINYKA NETCHIOUNAS ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's First Amended Complaint against Defendant, GLOBAL CREDIT & COLLECTION CORPORATION ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Tampa, Hillsborough County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Williamsville, New York.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. The original creditor of the alleged debt is Capital One.

12. The amount of the alleged debt is approximately four-thousand three hundred and twenty-two dollars ($4,322.00).

13. Defendant constantly and continuously placed collection calls to Plaintiff seeking payment for the alleged debt.

14. Defendant contacted Plaintiff from telephone numbers (866) 915-5209 and (866) 915-5207 seeking payment for an alleged debt.

15. Plaintiff returned Defendant's phone call and immediately upon pick up Defendant's representative asked Plaintiff for her social security number and other personal information; Plaintiff refused to disclose her personal information.

16. Defendant's representative proceeded to tell Plaintiff about the alleged debt; Plaintiff objected and asked for proof.

17. Defendant's representative responded and told Plaintiff to look it up herself.

18. Plaintiff asked Defendant's representative why he continues to call her family members when he has her direct phone numbers.

19. Defendant's representative responded and confirmed that he did have her direct phone numbers but used the family number instead stating "whatever works".

20. Defendant placed telephone calls to Plaintiff and failed to provide meaningful disclosure of the caller's identity as Defendant did not state its company name when speaking with Plaintiff nor when leaving Plaintiff a voicemail message. (See Exhibit A)

21. Defendant called Plaintiff and left a threatening voicemail message. Defendant stated "Please note that should you ignore this message, I am obligated to inform my client accordingly that you are unwilling to be an active participant in resolving your obligation. The outcome will not be favorable." (See Exhibit A)

22. Defendant threatened to take Plaintiff's assets if Plaintiff did not pay the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   c) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity as Defendant does not state its name when speaking with Plaintiff nor when leaving a voicemail message for Plaintiff;

   d) Defendant violated *§1692e(10)* of the FDCPA by threatening to take Plaintiff's assets even though Defendant does not intend to do so; and

   e) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and leaving a threatening voicemail message.

   **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

        RESPECTFULLY SUBMITTED,

By:  /s/ James Pacitti_____
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd., Suite 401
    Los Angeles, CA 90025
    Phone:  (323) 988-2400 x230
    Fax:     (866) 385-1408
    jpacitti@consumerlawcenter.com
    Attorney for Plaintiff
    FBN: 119768

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DOMINYKA NETCHIOUNAS hereby demands trial by jury in this action.

## VERIFICATION OF FIRST AMENDED COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, DOMINYKA NETCHIOUNAS, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil First Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil First Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil First Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the First Amended Complaint.
5. I have filed this First Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this First Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOMINYKA NETCHIOUNAS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12/25/2010

_____
DOMINYKA NETCHIOUNAS,
Plaintiff